| KIRBY AISNER & CURLEY LLP | *Hearing Date: August 1, 2023* |
|---|---|
| *Attorneys for the Debtor* | *Hearing Time: 2:00 p.m.* |
| 700 Post Road, Suite 237 | *Via Zoom for Government* |
| Scarsdale, New York 10583 | |
| Tel: (914) 401-9500 | |
| Erica R. Aisner, Esq. | |
| eaisner@kacllp.com | |
| Jessica M. Hill, Esq. | |
| jhill@kacllp.com | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

| | |
|---|---|
| SAMEH H. AKNOUK, DENTAL SERVICES, P.C., | Chapter 11 |
| | Case No. 22-11651(MG) |
| Debtor. | Subchapter V |

---------------------------------------------------------------X

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §365(a) AND BANKRUPTCY RULES 2002, 6006 AND 9014 AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN A CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASE**

**TO:  HONORABLE MARTIN GLENN,
       CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Sameh H. Aknouk, Dental Services, P.C. (the "Debtor"), the above captioned debtor and debtor-in-possession (the "Debtor"), by its attorneys, Kirby Aisner & Curley, LLP, files this motion ("Motion") pursuant to §365 of title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code") and Rules 2002, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order authorizing the Debtor to assume and assign a non-residential real property lease for the premises located at 853 Broadway, Suite 911, New York, New York. The Debtor respectfully represents and sets forth as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

1

2. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

3. This proceeding has been initiated pursuant to §365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6006 and 9014.

## BACKGROUND

4. On December 8, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

5. Thereafter the instant proceeding was referred to your Honor for administration under the Bankruptcy Code.

6. The Debtor has continued in possession of its property and the management of its business affairs as a Debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7. Yann Geron, Esq. has been appointed as Subchapter V Trustee. No examiner or statutory committee has been appointed.

8. The Debtor is a family owned and operated cosmetic and general dental practice with its offices located at 1473 West Avenue, Bronx, New York 10462 (the "BX Premises"). The Debtor has operated its dental practice from the BX Premises since April 2005.

**I. The NYC Lease**

9. Dr. Sameh H. Aknouk, DDS ("Dr. Aknouk"), the President and sole shareholder of the Debtor, wanted to expand his services and formed a second dental practice, 853 Smile Dental Services, P.C. ("853 Smile").

10. 853 Smile maintains its offices at 853 Broadway, Suite 911, New York, New York (the "NYC Premises"). Dr. Aknouk splits his working hours between both the Debtor and 853 Smile, performing services at their respective locations with each entity compensating him for the hours worked and services performed at each.

11. On October 4, 2017, the Debtor and 841-853 Fee Owner LLC (the "NYC Landlord") entered into a Commercial Lease Agreement (the "NYC Lease") for the NYC Premises for the term of ten years beginning on January 1, 2018 through December 31, 2027. A copy of the NYC Lease is annexed hereto as **Exhibit A.**

12. While the Debtor does not occupy or operate its business at the NYC Premises (nor has it ever), it is a party to the NYC Lease because it provided its credit to a newly formed affiliate corporation (853 Smile), which had no credit, to induce the NYC Landlord to enter into the NYC Lease.

13. Since the execution of the NYC Lease, 853 Smile has occupied and utilized the NYC Premises exclusively and paid its own operating costs for that location, including but not limited to rent and other lease related costs.

14. The Debtor does not generate any income from the NYC Lease or 853 Smile.

15. 853 Smile is current in the rental payments to NYC Landlord.

16. Given the Debtor's pending Chapter 11 case and the fact that it derives no financial benefit from the NYC Lease, in order to assure the Debtor's financial viability going forward, the Debtor believes that the financial responsibility therefore should be exclusively that of 853 Smile. As such, the Debtor wishes to assume and assign the NYC Lease to 853 Smile which has been negotiated with and consented to by the NYC Landlord.

## RELIEF REQUESTED AND BASIS THEREFORE

17. By this Motion, the Debtor seeks approval of the annexed Stipulation and Order (the "Stipulation") between the Debtor and the NYC Landlord which provides for the assumption and assignment of the NYC Lease to 853 Smile pursuant to §§365(a) and (f) of the Bankruptcy Code. A copy of the Stipulation is annexed hereto as **Exhibit B**.

18. A debtor, subject to the court's approval, may assume an unexpired lease pursuant to §365(a) of the Bankruptcy Code. If there is a default in the unexpired lease a debtor may not assume such lease unless at the time of assumption the debtor (i) cures, or provide adequate assurance of a prompt cure, of any defaults existing under the leases (except for those that pursuant to §365 of the Bankruptcy Code are excepted from the cure requirement); and (ii) provides adequate assurance of future performance under the leases to be assumed. 11 U.S.C. §365(a).

19. In addition, a debtor, subject to the court's approval, may assign an unexpired lease pursuant to §365(f) of the Bankruptcy Code, which provides:

> (1) Except as provided in subsections (b) and (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.
>
> (2) The trustee may assign an executory contract or unexpired lease of the debtor only if –
>     (A) the trustee assumes such contract or lease in accordance with the provisions of this section and
>     (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.
>
> (3) Notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that terminates or modifies, or permits a party other than the debtor to terminate or modify, such contract or lease on account of an assignment of such contract or lease, such contract, lease, right or obligation may not be terminated or modified under such provision because of the assumption or assignment of such contract or lease by the trustee.

11 U.S.C. §365(f).

20. In determining whether to approve a debtor's request to assume a lease, bankruptcy courts use a "business judgment standard" to determine if assumption would be beneficial to the debtor's estate. *In re Orion Pictures Corp.*, 4 F.2d 1095, 1099 (2d Cir. 1993). The question for the

court to consider is whether a reasonable business person would make the same decision under similar circumstances. *In re Sabine Oil & Gas Corp.*, 547 B.R. 66, 72 (Bankr. S.D.N.Y. 2016). Courts generally do not second-guess a debtor's business judgment, but rather defer to the debtor. *In re The Great Atlantic & Pacific tea Company, Inc.*, 544 B.R. 43, 49 (Bankr. S.D.N.Y. 2016). Of paramount consideration is the benefit to the debtor and to the estate, not any adverse effect to the other party. *Id.* at 49. Thus, the debtor need only show that assumption will benefit the estate and creditors. *In re Genco Shipping & Trading Limited*, 509 B.R. 455, 463 (Bankr. S.D.N.Y. 2014). So long as the debtor has shown that assumption will benefit the estate and is an exercise of sound business judgment, courts routinely grant motions to assume leases. *In re MF Global Holdings, Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012).

21. The Debtor has determined, in its business judgment, that the assumption and assignment of the NYC Lease will benefit the Debtor, its estate and its creditors because the Debtor does not derive any benefit from the NYC Lease and will be removed as a responsible party to the NYC Lease.

22. The Stipulation provides that: (i) the Debtor assumes and assigns all of its right, title, interest, duties, liabilities and obligations under the NYC Lease to 853 Smile, which assignment was accepted by 853 Smile; (ii) NYC Landlord consents to the assignment and assumption of the NYC Lease; and (iii) the Debtor is released from its obligations under the NYC Lease, and NYC Landlord agrees that it does not hold any claims that can be asserted against the Debtor or its bankruptcy estate.

23. 853 Smile has remained current in the obligations under the NYC Lease during the Debtor's Chapter 11 case so no cure payment is required of the Debtor. Moreover, 853 Smile is solvent and able to support its monthly rental obligations to the NYC Landlord so there is no issue

about its creditworthiness or its ability to provide adequate assurance of future performance.

24. For the foregoing reasons, the Debtor requests approval and entry of the Stipulation and Order authorizing the Debtor's assignment and assumption of the NYC Lease to 853 Smile pursuant to 11 U.S.C. §365(a) and (f).

## NOTICE

25. Notice of this Motion has been provided to (i) the Office of the U.S. Trustee, (ii) Yann Geron, the Subchapter V Trustee, (iii) the NYC Landlord and its counsel, and (iv) all parties who have filed notices of appearance. The Debtor submits that said notice is adequate and proper.

## NO PRIOR REQUEST

26. No prior Motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court grant the relief requested herein and enter the proposed Stipulation and Order annexed hereto as **Exhibit B** authorizing the Debtor to assume and assign the non-residential real property lease for the premises located at 853 Broadway, Suite 911, New York, New York from the Debtor to 853 Smile, pursuant to §§365(a) and (f) of the Bankruptcy Code and grant such other and further relief as the Court deems just, proper and equitable.

Dated: Scarsdale, New York
      July 5, 2023

                          Respectfully submitted,

                          KIRBY AISNER & CURLEY LLP
                          *Attorneys for the Debtor*
                          700 Post Road, Suite 237
                          Scarsdale, New York 10583
                          Tel: (914) 401-9500

                          By: */s/ Jessica M. Hill*
                                Jessica M. Hill