**National Labor Relations Board**
Arish Ali
National Labor Relations Board,
Contempt Compliance and Special Litigation Branch
1015 Half Street, S.E. – Fourth Floor
Washington, D.C. 20003
Phone: (202) 273-2922
Fax: (202) 273-0004
Email: Arish.Ali@nlrb.gov
Counsel to the National Labor Relations Board

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> **SAMEH H. AKNOUK, DENTAL SERVICES, P.C.,** <br><br> **Debtor** | Chapter 11 <br> Case No. 22-11651 (MG) <br> Subchapter V |

**LIMITED OBJECTION OF NATIONAL LABOR RELATIONS BOARD TO THE DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §365(a) AND BANKRUPTCY RULES 2002, 6006, AND 9014 AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN A CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASE**

The National Labor Relations Board ("Board" or "NLRB"), an independent agency of the United States Government and a creditor in this matter, by and through its undersigned counsel, hereby files the instant limited objection ("Limited Objection") to the Debtor's Motion Pursuant to 11 U.S.C. §365(a) and Bankruptcy Rules 2002, 6006, and 9014 Authorizing the Debtor to Assume and Assign a Certain Non-Residential Real Property Lease, submitted to this Court by ECF on July 5, 2023 ("Motion to Assume and Assign") (Doc. 53). The NLRB files this Limited Objection to

preserve its right to later contest unsubstantiated factual assertions made by Debtor in its motion, and respectfully represents as follow:

1. On December 8, 2022, Sameh H. Aknouk, Dental Services, P.C. ("Debtor") filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

2. In approximately October 2017, Dr. Sameh H. Aknouk, DDS ("Dr. Aknouk"), the President and sole shareholder of the Debtor, formed a second dental practice, 853 Smile Dental Practice, P.C. ("853 Smile"). (Doc. 53-1 at ¶ 9).

3. On October 4, 2017, the Debtor entered into a ten-year Commercial Lease Agreement ("NYC Lease") with 841-853 Fee Owner LLC ("NYC Landlord") to obtain the office space for 853 Smile. (*Id.* at ¶ 11). The Debtor provided its credit to 853 Smile to make this transaction possible. (*Id.* at ¶ 12).

4. On July 5, 2023, the Debtor filed the instant motion, seeking entry of an order authorizing the Debtor to assume and assign the NYC Lease to 853 Smile. (Doc. 53-1).

5. Relevant to this objection, in support of its Motion to Assume and Assign, Debtor asserts that "[s]ince the execution of the NYC Lease, 853 Smile has occupied and utilized the NYC Premises exclusively and paid its own operating costs for that location, including but not limited to rent and other lease related costs." (Doc. 53-1 at ¶ 13). A corresponding recital in the proposed order and stipulation states, "WHEREAS, all pre-petition and post-petition obligations due under the Lease are current and are paid by 853 Smile;…" (Doc. 53-3, at p. 2).

6. The Board does not oppose the Debtor's general motion to free itself from a financial obligation by assumption and assignment of the NYC Lease to 853 Smile.

7. The Board seeks to ensure that its interests, as well as the other creditors in this case, are adequately and equitably compensated. Based in part on Debtor's provision of credit to 853

2

Smile and Debtor's representations about the managerial and operational overlap between the two entities, the Board intends to investigate whether Debtor and 853 Smile are a single economic unit and whether they maintained separate corporate identities in their business transactions. *See Union Savings Bank v. Augie/Restivo Baking Co., Ltd. (In re Augie/Restivo Baking Co., Ltd.)*, 860 F.2d 515, 518 (2d Cir. 1988). The Board believes that such investigation may be necessary to preserve Debtor's estate and ensure Debtor's creditors are equitably compensated.

8.      The Board objects to Debtor's assertions concerning its relationship with 853 Smile described above in paragraph 5, as the Debtor has not substantiated those assertions, nor have those assertions yet been investigated.

WHEREFORE, for the foregoing reasons, the Board files this Limited Objection to the Debtor's unsubstantiated assertions that 853 Smile has paid all of its pre-petition and post-petition obligations, including costs associated with the NYC Lease, to the extent that such assertions may immunize the Debtor from an inquiry into whether it and 853 Smile have operated as a single economic entity. The Board reserves the right to pursue an order treating the Debtor, 853 Smile, and potentially other affiliated corporations as a single economic unit.

> Respectfully submitted,
>
> **NATIONAL LABOR RELATIONS BOARD**
>
> /s/ Arish Ali
> ARISH ALI
> Trial Attorney
> Tel: (202) 273-2922
> Arish.Ali@nlrb.gov
>
> Michael J. Bilik
> National Labor Relations Board, Region 2
> 26 Federal Plaza, Suite 3614
> New York, NY 10278
> Phone: (212) 776-8665
> michael.bilik@nlrb.gov